1              IN THE UNITED STATES DISTRICT COURT

2                  WESTERN DISTRICT OF TEXAS

3                      EL PASO DIVISION

4

5   UNITED STATES OF AMERICA          No. EP-11-CR-2420-FM

6   v.                                El Paso, Texas

7   (1) ALARCON WIGGINS               August 8, 2013

8

9

10                       PLEA OF GUILTY

11              BEFORE THE HONORABLE FRANK MONTALVO

12                 UNITED STATES DISTRICT JUDGE

13

14

15  APPEARANCES:

16  For the Government:  Daniel R. Crumby
                         J. Brandy Gardes
17                       Assistant United States Attorney
                         700 East San Antonio, Suite 200
18                       El Paso, Texas 79901

19

20  For the Defendant:   Darren L. Ligon
                         Assistant Federal Public Defender
                         700 E. San Antonio, Suite D-401
21                       El Paso, Texas 79901

22

23     Proceedings recorded by stenotype.  Transcript produced by

24  computer-aided transcription.

25

16:22 1          THE CLERK:  EP-11-CR-2420, United States versus

2  Alarcon Wiggins.

3          MR. CRUMBY:  Good afternoon, Your Honor, Daniel Crumby

4  and Brandy Gardes for the United States, ready.

5          MR. LIGON:  Good afternoon, Your Honor, Darren Ligon

6  on behalf of Mr. Wiggins, ready to plead guilty to count two,

7  as well as an information in this case, Your Honor.

8          THE COURT:  Very well.  I have an information and an

9  amended information.  The amended information has one count and

10  then a notice of the government's demand for forfeiture.  What

11  is it that he is pleading guilty to?

12          MR. CRUMBY:  Your Honor, he is pleading guilty to

13  count two of the superseding -- second superseding indictment

14  and the amended information.

15          MR. LIGON:  We've executed a waiver to that effect,

16  Your Honor.

17          THE COURT:  Okay.  So, see, the plea agreement says

18  that -- like you mentioned, Mr. Crumby, that he's pleading

19  guilty to count two of the second superseding indictment.  But

20  then on page 2, it says an information, but we have two

21  informations.  So which of the two informations is he pleading

22  guilty to?  Is he pleading guilty to the information or to the

23  amended information?

24          MR. CRUMBY:  To the amended, Your Honor.

25          THE COURT:  Okay.  So we need to -- we need to

16:24   1    interlineate "amended" in page 2 of the plea agreement.  And

2    then we also need to include here a condition that dismisses

3    the information because the filing of the amended information

4    does not eliminate the information.

5              MR. CRUMBY:  Yes, Your Honor.

6              THE COURT:  I realize that that is a tongue twister,

7    but we need to write that up, too.

8              MR. CRUMBY:  Yes, Your Honor.

9              THE COURT:  So let's take care of that.  Add a

10   paragraph there at the end of the plea agreement and then have

11   Mr. Ligon and Mr. Wiggins initial it before we go forward,

12   okay?

13             MR. CRUMBY:  Yes, Your Honor.

14             MR. LIGON:  Show my client.

15             THE COURT:  Yes, sir, yes, sir.

16             (Consultation off the record)

17             THE COURT:  Adriana, place Mr. Wiggins under oath,

18   please.

19             THE CLERK:  Please raise your right hand.

20             (Defendant sworn.)

21             THE COURT:  Mr. Wiggins, what is your full name, sir?

22             THE DEFENDANT:  Alarcon Wiggins.

23             THE COURT:  Is that your full name?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  No middle name?

16:29  1          THE DEFENDANT:  No, they put -- they put "Allen" on

2    here, but that's not my name.

3          THE COURT:  Okay.  Mr. Ligon, have you had enough time

4    to discuss Mr. Wiggins' case with him?

5          MR. LIGON:  Yes, I have, Your Honor.

6          THE COURT:  Have you also had enough time to discuss

7    the plea agreement with him?

8          MR. LIGON:  Yes, I have, Your Honor.

9          THE COURT:  Have you also had enough time to discuss

10   with him the information and the amended information that has

11   been filed in the last day or so?

12         MR. LIGON:  Yes, Your Honor, I have.

13         THE COURT:  Based upon the discussions you have had

14   with Mr. Wiggins, do you harbor any doubts about Mr. Wiggins'

15   mental capacity to plead guilty?

16         MR. LIGON:  No, Your Honor.

17         THE COURT:  Do you believe he has both a factual as

18   well as a rational understanding of the proceedings pending and

19   sufficient ability to discuss the case with you with a

20   reasonable degree of rational understanding?

21         MR. LIGON:  Yes, I do, Your Honor.

22         THE COURT:  Mr. Crumby, are there any suggestions

23   otherwise in the government's file in this case?

24         MR. CRUMBY:  No, Your Honor.

25         THE COURT:  Thank you.

16:30   1            Mr. Wiggins, are you suffering from any kind of

2    illness or condition, headaches, backaches, dizzy spells,

3    anything that as you stand here this afternoon is affecting

4    your ability to concentrate and understand what we are doing

5    here today?

6            THE DEFENDANT:  No, sir.

7            THE COURT:  Are you having any kind of mental or

8    emotional difficulties, such as anxiety, depression, or

9    anything like that that may affect your ability to concentrate

10   and understand these proceedings?

11           THE DEFENDANT:  No, sir.

12           THE COURT:  I'm asking you about your physical and

13   your mental and emotional condition because over the next half

14   hour or 40 minutes I am going to be asking you a lot of

15   questions.  And I'm going to be saying a lot of things to you.

16   And I need to make sure you understand everything that I say to

17   you and every question that I ask you.  If at any point in time

18   you are confused, you don't understand something I say to you,

19   let me know, and I will be happy to explain it or clarify it.

20   Do you understand that?

21           THE DEFENDANT:  Yes, sir.

22           THE COURT:  If you want to talk to your lawyer before

23   you answer any one of my questions, let me know, and I will let

24   you have whatever time you need to talk to your lawyer.  Do you

25   understand that?

16:32   1            THE DEFENDANT:  Yes, sir.

2            THE COURT:  I am going to ask the government lawyer

3       now to go over the allegations in count two of the

4       indictment -- of the superseding indictment that you are

5       pleading guilty to and to go over the range of penalties you

6       face by pleading guilty to the allegations in count two of the

7       superseding indictment.  Do you understand me so far?

8            THE DEFENDANT:  Yes.

9            THE COURT:  The government lawyer will also go over

10      the allegations in the amended information and the penalties

11      you face by pleading guilty to that amended information.  Do

12      you understand that?

13           THE DEFENDANT:  Yes, sir.

14           THE COURT:  When they discuss the penalties, both for

15      the second count of the superseding indictment and for the

16      information, the government lawyers will refer to something

17      called "a term of supervised release."  What that deals with is

18      a period of time following a sentence of incarceration.  And

19      during that time, once you are released from custody, you have

20      to comply with certain rules and conditions.  Your failure to

21      do that will in all likelihood put you back in prison.  Do you

22      understand what being subject to terms and conditions of

23      supervised release means?

24           THE DEFENDANT:  Yes.

25           THE COURT:  Very well.

16:33   1          Mr. Crumby.

2          MR. CRUMBY:  Mr. Wiggins, you have been charged by a

3     grand jury in the Western District of Texas in a 17-count

4     second superseding indictment and a one-count amended

5     information.  However, you have agreed to plead guilty to count

6     two of the second superseding indictment and to one count of an

7     amended information.

8          That second superseding indictment charges you as

9     follows:  Beginning in or about January 2009 and continuing to

10    on or about October 12, 2011, in the Western District of Texas

11    and elsewhere, Defendant Alarcon Wiggins a/k/a "Alarcon Tha

12    Don" knowingly conspired, combined, confederated and agreed

13    with others known and unknown to the grand jury to commit

14    certain offenses and violate certain laws of the United States;

15    to wit, Subsection A, to provide and obtain the labor and

16    services of a person by force, threats of force, physical

17    restraint, and threats of physical restraint to that person or

18    another person by means of serious harm or threats of serious

19    harm to that person or another person by means of a scheme,

20    plan, or pattern intended to cause the person to believe that

21    if that person did not perform such labor or services, that

22    person or another person would suffer serious harm or physical

23    restraint and any combination thereof, in violation of

24    Title 18, United States Code, Section 1589, Subsection A.

25          Subparagraph B, to benefit financially and by

16:35

1    receiving anything of value from participating in a venture

2    which engaged in the providing or obtaining of labor or

3    sources -- excuse me, or services any person by force, threats

4    of force, physical restraint, and threats of physical restraint

5    to that person or another person by means of serious harm or

6    threats of serious harm to that person or another person by

7    means of a scheme, plan, or pattern intended to cause the

8    person to believe that if that person did not perform such

9    labor or services, that person or another person would suffer

10   serious harm or physical restraint and any combination thereof,

11   knowing or in reckless disregard of the fact that the venture

12   had engaged in the providing or obtaining of labor or services

13   by any of such means, in violation of Title 18, United States

14   Code, Section 1589, Subsection B, all in violation of Title 18,

15   United States Code, Section 1594, Subsection B.

16          In addition, there is forfeiture allegations in the

17   second superseding indictment.  The amended information --

18          THE COURT:  Mr. Crumby, take those one at a time.  Ask

19   him first if he understands the allegations in count two.

20   First ask him that.

21          MR. CRUMBY:  Yes, Your Honor.  Do you understand what

22   you have been charged with in the second superseding indictment

23   and what you are pleading guilty to?

24          THE DEFENDANT:  Yes, sir.

25          MR. CRUMBY:  The amended information:  Beginning on or

16:37  1    about January 1, 2009, and continuing till on or about

2    October 12, 2011, in the Western District of Texas and

3    elsewhere, the defendant, Alarcon Wiggins, did knowingly

4    transport individuals in interstate commerce with the intent

5    that such individuals engage in prostitution and sexual

6    activity for which any person could be charged with a criminal

7    offense, all in violation of Title 18, United States Code,

8    Section 2421.  In addition, there's a demand for forfeiture on

9    the amended information.

10           Do you understand what you have been charged with and

11   what you are pleading guilty to?

12           THE DEFENDANT:  Yes.

13           MR. CRUMBY:  As to the second superseding indictment,

14   the maximum punishment that you could receive on count two is a

15   term of imprisonment of up to 20 years, a fine of up to

16   $250,000, and a $100 special assessment.

17           As to the one count of the amended information, the

18   maximum punishment that you could receive is a term of

19   imprisonment of up to ten years, a fine of up to $250,000, and

20   a $100 special assessment.

21           Punishment for the second superseding indictment,

22   count two, requires a term of supervised release of not more

23   than five years.  Punishment for the amended information

24   requires a term of supervised release of not less than five

25   years and up to life.  Do you understand the maximum punishment

16:38   1   in this case?

2          THE DEFENDANT:  Yes.

3          MR. CRUMBY:  Mr. Wiggins, you have a plea agreement;

4   is that correct?

5          THE DEFENDANT:  Yes.

6          MR. CRUMBY:  I am showing you -- give me just a

7   moment.  I am showing you page 9 of the plea agreement.  Is

8   that your signature?

9          THE DEFENDANT:  Yes.

10         MR. CRUMBY:  In addition to the plea agreement, there

11  is another separate agreement in which the parties will agree

12  to recommend to the Court that you receive a sentence of up to

13  212 months conditioned on lifetime supervised release.

14         Do you understand that?

15         THE DEFENDANT:  Yes.

16         MR. CRUMBY:  Do you understand that this is merely a

17  recommendation and this is not binding on the Court?

18         THE DEFENDANT:  Yes.

19         MR. CRUMBY:  In addition, do you agree to the

20  forfeiture as listed in the amended information?

21         THE DEFENDANT:  Yes.

22         MR. LIGON:  Your Honor, and for the record,

23  Your Honor, I have a signed letter presented to me by

24  Ms. Brandy Gardes, which I have presented to my client this

25  morning to show him.  And I'm reading it completely into the

16:40  1   record, Your Honor, just to make sure.

2         It is addressed to myself and my co-counsel, Mr. Edgar

3   Holguin.  It's titled:  United States versus Alarcon Wiggins,

4   then Mr. Ligon and Mr. Holguin.  Pursuant to our conversations,

5   this letter is to confirm the government is prepared to offer

6   your client a nonbinding recommended sentence of 212 months on

7   the concurrently tendered plea agreement, which is two years

8   more than the highest sentences received by the defendants

9   sentenced, which had been yesterday, August 7th.  However, your

10   client must agree to lifetime supervised release as a condition

11   of the government's recommendation.  And this also will remain

12   open until the close of business on August 8, 2013, signed by

13   Ms. Brandy Gardes.

14         We have executed the plea agreement.  We returned that

15   plea agreement this morning at about 10:30, Your Honor.  We

16   agreed to the terms as set out in this letter.

17         MS. GARDES:  The government would also note for the

18   record that that is our -- our signature -- my signature on

19   that letter, and it does constitute a part and parcel of the

20   written plea agreement.

21         THE COURT:  Very well.  So the agreement between the

22   government and the defendant and, of course, defense counsel is

23   comprised of the document that has been filed that is captioned

24   "Plea Agreement," as well as the letter?

25         MS. GARDES:  That is correct, Your Honor, the written

16:41  1    document that was tendered to the defendant.

2          THE COURT:  Very well.

3          MR. LIGON:  If I may approach the Court, Your Honor,

4    so the Court can examine the letter.

5          THE COURT:  Yes, sir.  Very well.

6          Mr. Wiggins --

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  -- are you here today to plead guilty

9    voluntarily?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  Did anyone force you, threaten you, or

12   coerce you in any way into pleading guilty today?

13         THE DEFENDANT:  No, sir.

14         THE COURT:  Did anyone make any promises or offer you

15   any deals to induce you to plead guilty in your case, other

16   than the agreement that we just described on the record here?

17         THE DEFENDANT:  No, sir.

18         THE COURT:  Okay.  Do you understand that the

19   agreement between you, your lawyer, and the government has two

20   parts to it?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  One part is the document that has been

23   filed that is called "Plea Agreement" that has your signature

24   on page 9, and that's your signature, isn't it?

25         THE DEFENDANT:  Yes, sir.

16:44   1          THE COURT:  Okay.  And then the other part of the

2     agreement is the letter that both your lawyer and the

3     government lawyer refers to.  Do you understand that?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Okay.  Have you had enough time to talk to

6     your lawyer about your case?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Have you also had enough time to go over

9     the totality of the plea agreement that we just discussed?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Was anything offered to you to induce you

12     to plead guilty in your case that is not included on these two

13     documents, on the plea agreement document and the letter?

14          THE DEFENDANT:  No, sir.

15          THE COURT:  Are you satisfied with the work that your

16     defense lawyers have done for you in your case?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Do you understand that you are entitled to

19     have a lawyer represent you at every step of the proceeding in

20     your case, and if for some reason your lawyers cannot continue

21     to represent you, I will appoint another lawyer to continue

22     representing you at no cost to you?  Do you understand that,

23     sir?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Do you understand that under the law you

16:45  1    are presumed to be innocent and it is the government's

2    responsibility to prove the allegations the government is

3    making against you, both the allegations in the superseding

4    indictment and the allegations in the amended information, by

5    presenting proof beyond a reasonable doubt?

6              Do you understand that?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Mr. Wiggins, do you understand that the

9    allegations the government is making against you on the amended

10   information are allegations of a felony, of a serious offense?

11   By pleading guilty to a felony through an information, you are

12   giving up the right you have to have a grand jury consider if

13   the government has enough information to charge you with that

14   offense.

15             Did you have time to talk to your lawyer about that?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  I have a document in front of me that is

18   captioned "waiver," and it has both your signature and your

19   lawyer's signature.  Did you sign that document?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  Did you discuss that document with your

22   lawyer before you signed it?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Did you make sure that you understood what

25   you were giving up by signing that document?

16:47  1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Very well.  Do you understand that by

3    pleading guilty today you are giving up the right you have to

4    have a trial in front of a jury?  By giving up that right, you

5    are giving up the right you have to have your lawyer question

6    the witnesses the government has against you.

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Do you also understand that you are giving

9    up the right you have to have your lawyers challenge the

10   evidence the government has against you?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Do you also understand that you are giving

13   up the right you have to bring witnesses to court to testify on

14   your behalf?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  Do you also understand that you are giving

17   up the right you have to present any defense that you may have

18   against the allegations the government is making against you

19   because you are pleading guilty today?  Do you understand that?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  Do you also understand that by pleading

22   guilty today, you are giving up the right you have to remain

23   silent?  And the reason why you are giving up that right is

24   because you have to admit to the allegations the government is

25   making against you, and you have to admit to the facts that

16:48   1    support those allegations.  Do you understand that?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Mr. Wiggins, do you also understand that,

4    by pleading guilty today, you are giving up the right you have

5    to appeal your case?  Save and except for two situations, you

6    cannot appeal your case.

7              You can appeal your case if it comes up that the

8    government engaged in illegal conduct in bringing the case

9    against you, and you can appeal your case if you receive

10   ineffective assistance from your lawyer.  Other than those two

11   situations, you cannot appeal your case.

12             Do you understand that, Mr. Wiggins?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Mr. Wiggins, the plea agreement in your

15   case has a nonbinding sentencing recommendation.  Do you

16   understand what that means?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  Okay.  After your lawyer and the

19   government lawyer reached the agreement about that nonbinding

20   recommendation, they asked me if I would approve that, and I

21   said yes.  So I'm telling you that that is going to be the

22   sentence in your case.  It is going to be 212 months and a

23   lifetime of supervised release, plus some conditions that I

24   have yet to determine.  But the basic sentence in your case is

25   going to be that.

16:50   1           Is that the understanding you have about the

2   sentence -- the basic scheme of your sentence in your case?

3           THE DEFENDANT:  Yes, sir.

4           THE COURT:  All right.  If I decide not to honor that

5   agreement, I will let you withdraw your plea of guilty.

6   However, I do not intend to do that.  I am advising you of that

7   because the law requires me to advise you of that.

8           Do you understand that?

9           THE DEFENDANT:  Yes, sir.

10           THE COURT:  Also, we are not proceeding with your

11   sentencing today because the law gives an absolute right to the

12   victims in your crime to be heard before I sentence you.  That

13   is the reason why we are not proceeding with your sentencing

14   today.  Do you understand that?

15           THE DEFENDANT:  Yes, sir.

16           THE COURT:  Going back to what I said that it is not

17   likely that I may decide to withdraw my approval, but that's

18   the only condition -- I mean, that's the only situation that

19   can bring that about, if there is something that I hear from

20   those victims that I had completely disregarded in my extensive

21   review of the evidence in this case.

22           Do you understand that?

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  All right.  Mr. Wiggins, I have gone over

25   the rights that you are giving up in your case.  I know you

16:51  1   understand the allegations the government is making against

2   you.  I know you understand the penalties that you are facing

3   by pleading guilty to those allegations.  I know that you are

4   here today to plead guilty voluntarily.  I also know you

5   understand the terms and conditions of your plea agreement.

6          So with that in mind, do you still want to go ahead

7   and plead guilty today?  Yes or no?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Let me hear the factual basis of the

10   allegations against Mr. Wiggins.

11          MR. CRUMBY:  Your Honor, this is a lengthy factual

12   basis to which the defendant has indicated his agreement.

13          THE COURT:  So let's take it in two steps then.  Let's

14   have -- let's have you recite a summary of it, and then I am

15   going to ask him about his agreement or disagreement to that

16   summary.  And then after that, show him the actual written

17   factual basis and then ask him to verify that.  Okay?

18          MR. CRUMBY:  Your Honor, what we have done is we have

19   condensed it to a summary already.

20          THE COURT:  Okay.

21          MR. CRUMBY:  Briefly summarized:  The defendant

22   conspired with others to recruit women to work as strippers

23   taking all their earnings for himself and his co-conspirators'

24   benefit.  He recruited them using the Internet.  The women

25   could not leave the home unaccompanied, had their

16:53  1   identification and communication devices taken from them, and

2   they were made to follow certain rules or suffer physical

3   punishment.  The government has identified 17 victims.

4          Additionally, knowing certain women and victims engage

5   in prostitution, in order to meet their daily quota of money,

6   known as "overtime," the defendant transported those women from

7   Maryland to New Orleans to El Paso, Texas; to Denver, Colorado;

8   and back to Baltimore, intending that they engage in

9   prostitution while in El Paso, Texas, and elsewhere.

10          THE COURT:  Mr. Wiggins, are those facts true?

11          THE DEFENDANT:  Say that again.

12          THE COURT:  Are those facts true?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Okay.

15          MR. CRUMBY:  Your Honor, would you like for me to show

16   the defendant the factual basis?

17          THE COURT:  I am going to take care of that now.

18          MR. CRUMBY:  Thank you, Your Honor.

19          THE COURT:  Adriana, give this to Mr. Ligon.

20          Mr. Wiggins, I have handed to your lawyer the written

21   plea agreement portion of the agreement in your case.  And

22   beginning on page 10, it has a section captioned "Factual

23   Basis."  And it goes on for a few pages.  Each of those pages

24   have two initials at the bottom.  Is one of those initials

25   yours?

16:54   1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Did you go over that factual basis with

3      your lawyer?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  And is the information contained in that

6      factual basis true and correct to the best of your knowledge?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  I find that you are pleading guilty freely

9      and voluntarily.  I find that you understand the allegations

10     the government is making against you and the penalties you face

11     by pleading guilty to those allegations.  I find that you

12     understand your rights, that you knowingly waive your rights,

13     that you are competent to enter a plea of guilty, and that

14     there is a factual basis for your plea of guilty.

15          Mr. Wiggins, to count one of the amended information

16     in your case, how do you plead, guilty or not guilty?

17          THE DEFENDANT:  Guilty.

18          THE COURT:  To count two of the superseding indictment

19     in your case, how do you plead, guilty or not guilty?

20          THE DEFENDANT:  Guilty.

21          THE COURT:  And I'm accepting your plea of guilty at

22     this time.

23          Who is assigned to prepare the presentence report in

24     this case?

25          PROBATION OFFICER:  Good afternoon, Your Honor,

16:56  1   Veronica Paniagua, U.S. Probation.  The presentence report for

2   Mr. Wiggins will be completed by Martin Chavez.

3            THE COURT:  Very well.

4            MR. LIGON:  Your Honor, just for the record

5   clarification, Your Honor, the Court asked him to plead guilty

6   to count two of the superseding indictment.  It is actually

7   count two of the second superseding indictment.

8            THE COURT:  Oh, well, I stand corrected.  Let me ask

9   him again then.

10           Mr. Wiggins, to count two of the second superseding

11   indictment in your case, how do you plead, guilty or not

12   guilty?

13           THE DEFENDANT:  Guilty.

14           THE COURT:  I accept your plea of guilty to count two

15   of the second superseding indictment.

16           The sentencing date, Adriana?

17           THE CLERK:  October 23 at 1:30.

18           THE COURT:  Okay.  And if we can do it earlier, we

19   will do it earlier.  The factual basis is the same as the

20   factual basis for the co-defendant that we sentenced yesterday.

21   So, in essence, all we need to accomplish is the interview.  So

22   if we are able to do the interview, you know, within the next

23   few weeks, let's do that, so that we can coordinate with the

24   victims to, you know, appear either through video

25   teleconferencing or phone.  So I think the sooner we do it, the

16:57  1    better it will be.

2                MR. CRUMBY:  Yes, Your Honor.

3                PROBATION OFFICER:  Yes, Your Honor.

4                THE COURT:  Mr. Ligon, anything else that we need to

5    take care of?

6                MR. LIGON:  No, Your Honor.

7                THE COURT:  Ms. Gardes?  Mr. Crumby?

8                MR. CRUMBY:  No, Your Honor.

9                THE COURT:  Thank you all very much.  We are

10   adjourned.

11               Counsel, approach the bench, please.

12               THE REPORTER:  Do you want this on the record?

13               THE COURT:  No.  Thank you, Nalene.

14               (Discussion at the bench off the record)

15                            * * * * * *

16                      C E R T I F I C A T E

17       I certify that the foregoing is a correct transcript from

18   the record of proceedings in the above-entitled matter.  I

19   further certify that the transcript fees and format comply with

20   those prescribed by the Court and the Judicial Conference of

21   the United States.

22

Signature: /s/Nalene Benavides_____  Date:  September 30, 2013

23               Nalene Benavides, RMR, CRR

24

25